# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| LUIS BERNARDINO,<br>    Plaintiff,<br>v.<br>WALMART INC.,<br>    Defendant. | Case No. 2:23-cv-00823-JCM-NJK<br>**ORDER**<br>[Docket No. 14] |

Pending before the Court is the parties' stipulation to extend discovery deadlines. Docket No. 14.

A request to extend discovery deadlines must include a statement specifying the discovery completed, a specific description of the discovery that remains, the reasons why the subject deadline cannot be met, and a proposed schedule for completing the outstanding discovery. Local Rule 26-3. The request must also be supported by a showing of good cause. *Id.* The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). This showing of diligence is measured by the movant's conduct throughout the entire period of time already allowed. *CC.Mexicano.US, LLC v. Aero II Aviation, Inc.*, 2015 U.S. Dist. LEXIS 169110, at *11-12 (D. Nev. Dec. 15, 2015). If diligence is not established, the Court's inquiry should end. *Johnson*, 975 F.2d at 609 (internal citation omitted).

Here the parties have not demonstrated diligence. This case has been pending since April 14, 2023. Docket No. 1-2 at 1. In the over four months since this case was filed, the only discovery the parties have conducted is the propounding of a single set of written discovery requests on the other side. Docket No. 14 at 2. Such minimal discovery conducted does not constitute diligence. Further, the deadline to amend the pleadings expired on August 8, 2023.

1

Docket No. 11 at 1. However, the parties do not explain why their failure to move to extend the deadline to amend the pleadings prior to the deadline's expiration is result of excusable neglect. *See* Docket No. 14. Despite the parties' minimal showing, as a one-time courtesy to the parties, the Court will grant a lesser extension to the discovery deadlines that have not yet passed in this case. Accordingly, the parties' stipulation to extend discovery deadlines is **GRANTED** in part. Docket No. 14. The scheduling order is **MODIFIED** as follows:

| | |
|---|---|
| Initial Experts: | January 31, 2024 |
| Rebuttal Experts: | March 1, 2024 |
| Discovery Cut-Off | April 1, 2024 |
| Dispositive Motions: | May 1, 2024 |
| Joint Pretrial Order: | May 31, 2024, 30 days after the resolution of dispositive motions, or further Court order. |

Given the length of the instant extension being granted, the Court is not inclined to grant any further extensions.

IT IS SO ORDERED.

Dated: August 17, 2023

Nancy J. Koppe
United States Magistrate Judge